FILED
U.S. DISTRICT COURT
2008 JUN 24 PM 1:29
CLERK C. Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BOBBY MARSHAY HERNDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-152 |
| | ) | |
| C and H HAMILTON MAINTENANCE CONTRACTING SERVICE, contracted maintenance service for Burke County Jail; MAJOR JOHN BUSH, Burke County Sheriff's Office Jail Commander; and STACY WILLIAMS, Nurse at Burke County Jail, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Wilcox State Prison in Abbeville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§

---

[1] At the time relevant to the claims alleged in this case, Plaintiff was incarcerated at the Burke County Jail in Waynesboro, Georgia.

1915(e) & 1915A.[2]

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) C and H Hamilton Maintenance Contracting Service, contracted maintenance service for Burke County Jail ("C&H"); (2) Major John Bush, Burke County Sheriff's Office Jail Commander; and (3) Stacy Williams, Nurse at Burke County Jail. (Doc. no. 1, p. 1).

Plaintiff alleges that C&H utilized a drain opening "acid based chemical" to clear a clogged drain at the Burke County Jail ("the Jail") on March 3, 2006, through March 10, 2006. (Id. at 10). Plaintiff notes that his cell was located directly next to the area that C&H was attempting to repair. (Id.). Plaintiff claims that these chemicals were used improperly and without warning. (Id.). In fact, Plaintiff states that C&H used the "acid based chemical" without providing notice or warning to the Jail staff members. (Id. at 11). Plaintiff further claims that the Jail staff members ignored Plaintiff's cries for help and refused to move him to a safer cell away from the use of the chemical. (Id.). As a result he was subjected to toxic fumes which damaged his left eye. (Id. at 10-11).

Plaintiff claims that after he was subjected to the "acid based chemical," he was taken to the Jail's infirmary. However, Defendant Williams allegedly failed to provide proper emergency medical assistance, and further failed to inform the jail supervisors that Plaintiff

---

[2]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

2

was in immediate need of outside emergency medical assistance. (Id.). In addition, Plaintiff notes that he wrote several medical complaint forms to Defendant Bush, and each time, Plaintiff was denied medical treatment for his eye. (Id.). According to Plaintiff, after several days he was seen by a doctor. (Id.). The doctor found that Plaintiff's left eye was irreparably damaged from his exposure to the acid based chemical. (Id.). Plaintiff's eye still causes discomfort, pain, and has developed glaucoma. (Id. at 12). Plaintiff notes that Defendant Bush was responsible for Plaintiff's well being while he was confined at the Jail and was responsible for arranging for specialized medical care outside the jail. (Id. at 14).

## II. DISCUSSION

Plaintiff has failed to state a claim for relief against Defendant C&H pursuant to § 1983. Initially the Court notes that this is the second lawsuit Plaintiff has filed regarding the same chemical incident involving the same defendants. See Herndon v. Bush, Civil Case No. 106-077 (S.D. Ga. Jan. 24, 2007). In that case, the Honorable Dudley H. Bowen, Jr., United States District Judge, dismissed Plaintiff's complaint for failure to state a claim upon which relief could be granted. Id. at doc. no. 9, adopted by doc. no. 14.

Next, the Court notes, as previously explained in Herndon, Civil Case No. 106-077, doc. no. 9, that C&H is a private entity and the fact that certain individuals at the Jail may be liable for the acts of this Defendant under an agency theory does not automatically transform these actions into state action. See Patrick v. Floyd Medical Ctr., 201 F.3d 1313, 1317 (11th Cir. 2000) (citing Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978)). State action does not arise merely as a matter of *respondeat superior*. Id. (citing Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999) (citations omitted). "Rather, it

3

is only 'when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983.'"[3] Id. (quoting Monell, 436 U.S. at 694). Plaintiff does not contend that C&H acted pursuant to an official policy or custom of the Jail, Plaintiff merely contends that C&H is a maintenance service company that is contracted by the Burke County Sheriff's Office to perform maintenance work at the Jail. (Doc. no. 1, p. 9). Plaintiff asserts that C&H's employees improperly used drain opening chemicals of their own accord. (Id. at 11). In fact, Plaintiff provides that C&H used the "acid based chemical" without providing notice or warning to the Jail staff members. . . . (Id.). Therefore, Plaintiff has not established that any of the claimed violations regarding the use of drain opening chemicals involved state action for the purposes of § 1983.

Moreover, even if the use of the drain opening chemicals by C&H involved state action, at best C&H through its employees acted negligently. Although Plaintiff's contentions may support a state law tort claim, they are insufficient to show the denial of any constitutional right. "Mere negligence does not rise to the level of a constitutional tort required under 42 U.S.C. § 1983." White v. Oklahoma ex rel. Tulsa County Office of Dist. Attorney, 250 F. Supp. 2d 1319, 1329 (N.D. Okla. 2002). To illustrate, only "deliberate indifference" to inmate health or safety amounts to a violation of the Eighth Amendment. See, e.g., Farmer v. Brennan, 511 U.S. 825, 835-39 (1994) (explaining that Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather

---

[3] A policy or custom is deemed to be a government's policy or custom whether it is made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy. Patrick v. Floyd Medical Ctr., 201 F.3d 1313, 1317 (11th Cir. 2000) (citing Monell, 436 U.S. at 694).

4

requires some sort of conscious disregard of a serious and imminent risk). Likewise, negligent conduct does not violate the Due Process Clause. See, e.g., Daniels v. Williams, 474 U.S. 327, 328, 332-33 (1986).

Here, Plaintiff merely alleges that, during this one episode of unclogging a drain, Defendant C&H used the "acid base chemical" to clear the drain. Simply put, Plaintiff's allegations regarding one isolated incident of potentially negligent conduct do not give rise to a cognizable claim under § 1983. See id. at 333 ("[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution . . . ."). As such, Plaintiff's § 1983 claims against C&H should be dismissed.

Next, to the extent Plaintiff attempts to assert a claim of deliberate indifference to his safety, Plaintiff's claim fails. Plaintiff states that Defendant Bush and or his designated representatives failed to ensure Plaintiff's physical safety.[4] (Doc. no. 1, p. 12). However, Plaintiff himself notes that the Jail nor its staff were aware of the "danger posed by exposure to the chemical fumes" that allegedly resulted in Plaintiff's loss of use of his left eye. (Id. at 11-12).

In the event Plaintiff is attempting to hold Defendant Bush responsible for his safety during the drain unclogging episode, Defendant Bush cannot be held liable simply by virtue of his supervisory position at the Jail.

In the Eleventh Circuit, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious

---

[4] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendants Bush and Williams with respect to Plaintiff's Eighth Amendment claim for delay in medical treatment.

liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation, or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that Defendant Bush was personally involved in the dispensing of the "acid based chemical." However, more importantly, as noted *supra*, the dispensing of the "acid based chemical" was not an unconstitutional violation; at best Plaintiff has alleged one isolated incident of potentially negligent conduct.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Bush and the asserted act of dispensing the "acid based chemical." See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[5] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts

---

[5] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegation of one episode of attempting to unclog a drain with chemicals, does not show there was a history of widespread abuse that put Defendant Bush on notice of the need for corrective action or that he had an improper custom or policy that violated any of Plaintiff's constitutional rights. Thus, Plaintiff fails to state a claim for deliberate indifference to his safety against Defendant Bush based on his status as the Commander of the Jail.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's § 1983 claim against C&H and his deliberate indifference to his safety against Defendant Bush be **DISMISSED** for failure to state a claim upon which relief can be granted.

SO REPORTED and RECOMMENDED this 24th day of June, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE